MELISSA INGLEBY, ESQ.
Nevada Bar No.: 12935
9480 S. Eastern Ave., Ste. 252
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax : 702-476-2788
E-mail : mingleby@nelsonlawfirmlv.com
*Attorney for Plaintiff Vernon Nelson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERNON NELSON,<br><br>               Plaintiff,<br><br>v.<br><br>TERRA WEST COLLECTIONS LLC d/b/a ASSESSMENT MANAGEMENT SERVICES,<br><br>               Defendant. | Case No.: 18-1448<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 § 1692, ET. SEQ. AND RELATED STATE LAWS AND JURY DEMAND** |

Plaintiff, VERNON NELSON ("Plaintiff"), by and through his attorney of record, Melissa Ingleby, Esq., and for his claims for relief against Defendant, TERRA WEST COLLECTIONS LLC doing business as ASSESSMENT MANAGEMENT SERVICES complains and alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and related State Law Claims.

2.      This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3.      Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendant reside and/or do business in the District of Nevada; and the acts of the Parties occurred in the District of Nevada.

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

## PARTIES

4.      Plaintiff is an adult individual who reside in the State of Nevada and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5.      TERRA WEST COLLECTIONS LLC d/b/a Assessment Management Services (hereinafter referred to as "Defendant" or "AMS") is a domestic corporation doing business in the State of Nevada.  AMS is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

7.      On April 12, 2017, AMS sent Plaintiff a Notice of Debt regarding a "Notice of Delinquent Violations Fine Lien." AMS claimed Plaintiff failed to pay a Debt.

8.      Specifically, the Notice of Debt stated a Notice of Delinquent Violation Fines Lien was recorded against the Plaintiff's property ("Property") on behalf of SUNRIDGE AT MacDONALD RANCH COMMUNITY ASSOCIATION (the "Creditor") relevant to unpaid community association's fees (the "Debt").

9.      The Notice of Debt did not comply with FDCPA §1692(g). For example, the Notice of Debt did not include: (a)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (b) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (c) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

10. Notwithstanding AMS's failure to comply with §1692(g) of the FDCPA, Plaintiff notified AMS, via a written letter dated May 1, 2017 that he disputed the Debt.

11. AMS failed to respond to Plaintiff's letter dated May 1, 2017. Thus, AMS failed to verify the Debt, in compliance with §1692(g) of the FDCPA.

12. AMS continued with their efforts to collect the Debt despite the fact that they failed to comply with section §1692(g) of the FDCPA. (**"1692(g) Violations").**

13. In January of 2018, Plaintiff entered a Residential Purchase Agreement for the sale of the Property. While the sale was in escrow, the Escrow Agent notified Plaintiff the Buyer was getting a loan and the lender would not close unless Plaintiff provided clear title. As a result, Plaintiff was forced to pay over $3,200.00 to release the lien to be able to sell the Property.

14. The FDCPA prohibits abusive debt collection practices by debt collectors. In this regard, the FDCPA sets certain standards for debt collectors and their communications with debtors. These standards include: (1) the requirement that debt collectors advise debtors of their rights to dispute the debt and demand verification; (2) a ban on the use of false and misleading statements in attempting to collect the debt; and (3) a prohibition against collecting debts via "unfair or unconscionable means.

15. The Defendant committed several violations of the FDCPA. The Defendants failed to advise the debtor of his right to dispute the debt and verify the debt.

16. The Defendant used "unfair and unconscionable means" to collect the debt by committing **the § 1692(g) Violations.**

17. The Defendants' violations of the FDCPA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to his credit history and reputation.

18. In addition, the Plaintiff has incurred substantial attorney's fees.

19.     The actions of Defendants were committed by other persons or entities employed by AMS ("AMS Parties).  The actions of the AMS Parties were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by AMS.

20.     The actions of the AMS Parties were committed in their capacity as agents of their principal. The actions of the AMS Parties were committed within the scope and authority granted by of their principal and were motivated to benefit their principal

21.     Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the unlawful actions of their employees, including but not limited to violations of the FDCPA and the laws of the State of Nevada.

## FIRST CLAIM FOR RELIEF

**[Violations of the FDCPA, 15 U.S.C. § 1692, et. seq. against the Defendant AMS]**

22.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

23.     The Defendants are "debt collectors" under the FDCPA.

24.     Within the past year, Defendant, who is a debt collector under the FDCPA, committed several violations of the FDCPA.

25.     Defendant used unfair and unconscionable means" to collect the debt by committing the 1692(g) Violations.  In addition, Defendants violated the FDCPA by committing all violations referenced in this Paragraph.

26.     In committing the 1692(g) Violations, Defendant committed numerous violations of the FDCPA, including but not limited to:

        A.     by failing to advise Debtor of his right to dispute the debt;

        B.     by failing to verify the debt;

        C.     by "mischaracterizing the character, amount, and legal status of the Debt."

D.      by employing various false representations and deceptive means to collect the Debt.

27.      The 1692(g) Violations, and other numerous violations of the FDCPA constitute numerous, repeated, knowing, intentional, reckless and/or negligent violations of the FDCPA. As a result of such violations, the Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

28.      As a result of Defendants 'unlawful conduct, Plaintiff has suffered economic and emotional distress damages.

29.      Plaintiff has been forced to retain counsel to pursue this matter and is entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 6th day of August, 2018.

By:      _____*/s/ Melissa Ingleby*_____
MELISSA INGLEBY, ESQ.
Nevada Bar No.: 12935
9480 S. Eastern Ave., Ste. 252
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax : 702-476-2788
E-mail : mingleby@nelsonlawfirmlv.com
*Attorney for Plaintiff Vernon Nelson*